[Cite as *In re R.S.*, 2015-Ohio-4514.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| In The Matter of: | : | |
| | : | |
| R.S. and E.S. | : | Appellate Case No. 2014-CA-38 |
| | : | |
| | : | Trial Court Case Nos. 2013-JD-81 |
| | : | 2013-JD-82 |
| | : | |
| | : | (Juvenile Appeal from |
| | : | Champaign County Family Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2015.

. . . . . . . . . . .

J.S. (*Father*)
    Appellant, *pro se*

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Appellee State of Ohio

CHRISTOPHER BUCCI, Atty. Reg. No. 0073715, Post Office Box 1180, Hilliard, Ohio 43026
    Attorney for Minor Children

. . . . . . . . . . . .

HALL, J.

{¶ 1} J.S. ("Father"), the father of R.S. and E.S., has appealed pro se from entries

filed by the trial court in three cases. Two of the cases involved allegations that R.S. and E.S. were unruly children by virtue of habitual truancy. The third case involved allegations that R.S. was a delinquent child due to obstructing official business.

{¶ 2} The record reflects that the trial court dismissed the delinquency complaint against R.S. with prejudice on July 18, 2014. (Doc. #29 in case number 2013 JA 232). In so doing, the trial court declined to adjudicate R.S. delinquent, finding insufficient evidence that he purposely had hindered law enforcement's search for his father. (*Id.*). In the two unruliness cases, the trial court vacated prior adjudications of unruliness and dismissed the complaints with prejudice on October 28, 2014. (Doc. #40, 43 in case numbers 2013 JD 81 and 2013 JD 82). It did so after receiving documentation establishing that R.S. and E.S. were being home schooled and had satisfied achievement-test requirements. (*Id.*).

{¶ 3} On March 19, 2015, we dismissed, as untimely, the portion of Father's appeal arising from the delinquency complaint in case number 2013 JA 232. We tentatively allowed the appeal to proceed with respect to case numbers 2013 JD 81 and 2013 JD 82, which involved the unruly-child complaints.

{¶ 4} Father filed his pro se brief on June 9, 2015, advancing the following six assignments of error:

I. As a matter of law, the Urbana City Schools failed in sending notification as required in R.C. 3321.19(C) and in giving notice as required in writing, per R.C. 3321.

II. As a matter of law, Urbana City School Administration is Derelict in its duty when it takes no action to confirm registration and enrollment prior

to the first day of classes.

III. As a matter of law, [t]he clerk of the trial court erred when he accepted a complaint from Krista Lingrell (a private citizen) and commenced a prosecution without the required review of a reviewing official as per Ohio R.C. 2935.09.

IV. As a matter of law, the Prosecutor erred when he proceeded with the prosecution and failed to review the complaint of Krista Lingrell.

V. As a matter of law, [t]he Court erred when it presumed jurisdiction without a valid complaint.

VI. As a matter of law, the Prosecutor and assistant Prosecutor erred when they offered a bribe to drop charges in the T.C. cases press charges against me [sic].

{¶ 5} As noted above, Father's present appeal arises from case numbers 2013 JD 81 and 2013 JD 82, which involved unruly-child complaints against R.S. and E.S. As a threshold matter, the State asserts that Father lacks standing to appeal on behalf of his children, whose court-appointed counsel did not appeal. The State also argues that Father cannot appeal because the trial court vacated its adjudications of unruliness and dismissed the complaints against R.S. and E.S. with prejudice after finding that they were being home schooled and were not truant.

{¶ 6} Upon review, we conclude that Father's appeal must be dismissed. Even if we accept, arguendo, that Father has standing to appeal based on his status as a parent of the minor children,[1] neither he nor the children were aggrieved by the orders from

---

[1] *See* Juv.R. 2(Y) (recognizing that a "party" to a juvenile court proceeding includes "a

which he has appealed. Although Father believes the unruly-child complaints wrongly were filed and pursued, the trial court has dismissed them with prejudice. As a result, there is nothing for us to decide and no relief we can provide. It is well settled that "'[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from.'" *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St. 3d 174, 177, 743 N.E.2d 894 (2001), quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942). Here Father and his children were not aggrieved by the dismissal with prejudice of the unruly-child complaints against R.S. and E.S. Therefore, no appeal will lie.

{¶ 7} In his appellate brief, Father asks us to issue a declaratory judgment on each of his assignments of error and to sanction various individuals by fining them, taking away their salary, admonishing them, and/or removing them from office. (Appellant's brief at 8-9). Without addressing the merits of Father's allegations, we note that this appeal from the trial court's dismissal of the unruly-child complaints is not a proper vehicle to obtain such relief.

{¶ 8} Based on the reasoning set forth above, Father's appeal is dismissed.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Christopher Bucci
J.S. (Father)

---

child who is the subject of a juvenile court proceeding and * * * the child's parent or parents").

J.S. (Mother)
Hon. Brent A. Gilbert