[Cite as *State v. O'Halloran*, 2022-Ohio-1342.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-79 |
| | : | |
| JAMES M. O'HALLORAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 46½ North Sandusky Street, Delaware, Ohio 43015
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant appellant James O'Halloran appeals his convictions for three counts of rape of a child less than 13 years old, in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree; one count of importuning of a child less than 13 years old, in violation of R.C. 2907.07(A), a felony of the third degree; and one count of gross sexual imposition (GSI) of a child less than 13 years old, a violation of R.C.2907.05(A)(4), a felony of the third degree.   O'Halloran filed a timely notice of appeal on August 16, 2021.

{¶ 2} We set forth the history of the case in *State v. O'Halloran*, 2d Dist. Montgomery No. 29001, 2021-Ohio-3115 ("*O'Halloran I*") and repeat it herein in pertinent part:

On January 23, 2020, O'Halloran was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), with notice that the offense was subject to the sentencing provisions in R.C. 2971.03.   He was also indicted on one count of gross sexual imposition and one count of importuning.   The victim was under the age of 13 at the time of the offenses.

A plea hearing was conducted on June 12, 2020, during which the court noted that O'Halloran had executed a plea form.   The form indicated that the counts of rape carried "a mandatory sentence of 10 years to life imprisonment." Plea Agreement (June 12, 2020).   The court also informed O'Halloran at the hearing that the rape charges "carr[ied] a mandatory prison sentence of a minimum of ten years to a maximum of life

imprisonment." Plea Tr. p. 11. The court went on the state, "I do wish to advise you that in regard to the three Rape counts, there is a minimum of ten years as to each individual count for parole consideration." *Id.* at p. 11-12. Further, the court stated, "If you are to be released from prison, that would be a decision by the parole board, which they'll make if they choose to do so. Upon release from prison, you will be on parole[.]" *Id.* at p. 15. After otherwise being appropriately informed of his rights, O'Halloran entered a plea of guilty to all five charges.

A sentencing hearing was conducted on August 6, 2020. The trial court sentenced O'Halloran to a "definite prison term" of "life" for each of the counts of rape, to a prison term of 36 months for importuning, and to 60 months for gross sexual imposition. Judgment Entry of Conviction. The latter two sentences were ordered to run consecutively to each other and to the rape sentences. Thus, the aggregate sentence imposed by the court was "a total sentence of life plus eight years of which life is a mandatory term."

*Id.* at ¶ 2-4.

{¶ 3} O'Halloran appealed from the trial court's judgment, and we reversed the conviction with respect to the sentence imposed by the trial court, finding that under the facts of the case, R.C. 2971.03(B)(1) was the only applicable sentencing statute. "However, the trial court did not impose the sentence mandated by that statute. Instead, the trial court converted an indefinite sentence required by statute into a de facto definite

sentence, and in so doing, it exceeded its sentencing authority." *Id.* at ¶ 9. Accordingly, we remanded the matter for resentencing. *Id.*

**{¶ 4}** On July 28, 2021, O'Halloran appeared before the trial court for resentencing. At the time of O'Halloran's resentencing, a new trial judge was presiding over the case. After hearing from both parties, the trial court stated that pursuant to R.C. 2971.03(E), the three rape counts were required to be served consecutively to each other. The trial court imposed the following sentence: for each of the rapes of a child under 13 (Counts I-III), an indefinite prison term of ten years to life; for importuning of a child less than 13 years old (Count IV), a definite prison term of 48 months; and for GSI of a child less than 13 years old (Count V), a definite prison term of 48 months. The trial court stated that the rape counts were to be served consecutively to each other and consecutive to the other counts. The trial court also ordered that the sentences for importuning and GSI were to be served consecutively to each other. The aggregate prison term was 38 years to life, of which 30 years was mandatory.

**{¶ 5}** O'Halloran now appeals.

**{¶ 6}** O'Halloran's first assignment of error is as follows:

THE TRIAL COURT'S RESENTENCE OF O'HALLORAN TO CONSECUTIVE PRISON TERMS ON COUNTS ONE THROUGH THREE, AND THE INCREASE OF HIS PRISON SENTENCE ON COUNT FOUR, WAS CONTRARY TO LAW: RES JUDICATA, ISSUE PRECLUSION, THE LAW OF THE CASE, AND THE SENTENCE PACKAGING DOCTRINE PRECLUDED THE TRIAL COURT FROM IMPOSING THESE

SENTENCES.

{¶ 7} O'Halloran contends that the sentence imposed by the trial court was contrary to law with respect to its order that the rape counts be served consecutively to each other and with respect to the increase of his sentence for importuning. Specifically, O'Halloran argues that the trial court was precluded from imposing the sentences by res judicata, issue preclusion, the law of the case doctrine, and the sentence packaging doctrine. The State concedes that the trial court erred when it imposed consecutive sentences for O'Halloran's three rape convictions.

{¶ 8} "The trial court has full discretion to impose any sentence within the authorized statutory range[.]" *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). In exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. However, the trial court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. *King* at ¶ 45.

{¶ 9} The Ohio Supreme Court recently stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported

by the record. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 10} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

### I. Res Judicata/Issue Preclusion

{¶ 11} O'Halloran argues that res judicata barred the trial court from resentencing him to consecutive sentences on the three rape counts. In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "Issue preclusion * * * serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same

parties or their privies. * * * Issue preclusion applies even if the causes of action differ."
(Citations omitted). *Id.* at ¶ 7.

{¶ 12} In the instant case, O'Halloran was resentenced pursuant to R.C.
2971.03(B)(1), which states as follows:

Notwithstanding section 2929.13, division (A) or (D) of section
2929.14, or another section of the Revised Code other than division (B) of
section 2907.02 or divisions (B) and (C) of section 2929.14 of the Revised
Code that authorizes or requires a specified prison term or a mandatory
prison term for a person who is convicted of or pleads guilty to a felony or
that specifies the manner and place of service of a prison term or term of
imprisonment, if a person is convicted of or pleads guilty to a violation of
division (A)(1)(b) of section 2907.02 of the Revised Code committed on or
after January 2, 2007, if division (A) of this section does not apply regarding
the person, and if the court does not impose a sentence of life without parole
when authorized pursuant to division (B) of section 2907.02 of the Revised
Code, the court shall impose upon the person an indefinite prison term
consisting of one of the following:

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a
minimum term of ten years and a maximum term of life imprisonment.

{¶ 13} Pursuant to R.C. 2971.03(E), "[i]f the offender is convicted of or pleads guilty
to two or more offenses for which a prison term or term of life imprisonment without parole
is required to be imposed pursuant to division (A) of this section, divisions (A) to (D) of

this section shall be applied for each offense. All minimum terms imposed upon the offender pursuant to division (A)(3) or (B) of this section for those offenses shall be aggregated and served consecutively, as if they were a single minimum term imposed under that division."

{¶ 14} In support of his argument, O'Halloran cites to the following language in *O'Halloran I*:

App.R. 3(C)(1) provides that "[a] person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4." The State did not file an appeal or cross-appeal seeking to challenge the sentence imposed for the rape convictions or the trial court's erroneous conclusion that it could not consider consecutive sentences as to the rape counts. Thus, the State cannot challenge the issue of consecutive sentencing on appeal. Further, the trial court did not make the required consecutive findings as to the three rape sentences. Instead, the court only made the consecutive findings so that the importuning and gross sexual imposition sentences could be served consecutively to each other and to the rape sentence.

{¶ 15} As the State concedes in this case, the above excerpt from *O'Halloran I* supports O'Halloran's argument that res judicata and/or issue preclusion barred the trial

court, upon resentencing, from ordering that the prison terms for the rape counts be served consecutively pursuant to R.C. 2971.03(B)(1)(a) and R.C. 2971.03(E). In *O'Halloran* I, we noted that the State did not challenge the original trial court's imposition of concurrent sentences for the rape counts because it failed to file a cross-appeal on that issue. We also noted that the original sentencing judge failed to make the required findings to impose consecutive sentences for the rape counts. Furthermore, as the State concedes, consecutive sentences are not mandatory in this situation pursuant to R.C. 2971.03(B)(1)(a) and R.C. 2971.03(E). Hence, on remand, the trial court must was required to impose concurrent prison terms on the rape counts.

{¶ 16} "[S]o long as a timely appeal is filed from the sentence imposed, the defendant and the state may challenge any aspect of the sentence and sentencing hearing, and the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 9. Nevertheless, "absent a timely appeal, res judicata generally allows only [for] the correction of a void sanction." *Id.*

{¶ 17} O'Halloran's appeal in *O'Halloran I* only challenged the life sentences without parole imposed for the rape offenses. O'Halloran did not challenge, and the State file a cross-appeal regarding, the concurrent nature of the sentences imposed for the three rape counts. In *O'Halloran I*, we reversed the trial court and remanded the case for resentencing solely with respect to O'Halloran's three rape convictions because the trial court did not have the authority to sentence O'Halloran to life without parole for the rape counts. Furthermore, we stated that the sentences imposed for the rape

convictions were voidable, not void. *O'Halloran* at ¶ 11. Therefore, res judicata precluded the trial court from imposing consecutive sentences for O'Halloran's three rape convictions on remand.

{¶ 18} Using the same rationale, we conclude that res judicata precluded the trial court from modifying O'Halloran's sentence for importuning. In *O'Halloran I*, O'Halloran did not challenge, and the State file a cross-appeal regarding, the 36-month sentence imposed for O'Halloran's importuning offense. As previously stated, in *O'Halloran I*, we reversed the trial court and remanded the case for resentencing solely with respect to O'Halloran's three rape convictions. We were not asked to and did not reverse O'Halloran's conviction for importuning. Therefore, pursuant to the Ohio Supreme Court's holding in *Holdcroft*, the trial court erred when, upon resentencing, it increased O'Halloran's sentence for importuning from 36 to 48 months; it was barred from doing so by res judicata.

{¶ 19} Because we have found that res judicata barred the trial court from imposing consecutive sentences for the three rapes and also barred the trial court from modifying O'Halloran's sentence for importuning, we need not address the remaining arguments in the first assignment of error relating to law of the case and the sentence packaging doctrine.

{¶ 20} O'Halloran's first assignment of error is sustained.

{¶ 21} O'Halloran's second assignment of error is as follows:

THE TRIAL COURT ERRED IN RESENTENCING O'HALLORAN BECAUSE RESENTENCING O'HALLORAN ON COUNTS ONE

THROUGH THREE TO CONSECUTIVE PRISON TERMS, AND INCREASING O'HALLORAN'S PRISON TERM FOR COUNT FOUR, WAS A VINDICTIVE SENTENCE.

{¶ 22} In light of our disposition of O'Halloran's first assignment of error, we need not address the arguments contained in his second assignment.

{¶ 23} The judgment of the trial court will be reversed, and this matter will be remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

LEWIS, J., concurs.

TUCKER, P.J., concurs:

{¶ 24} Though I agree with the majority opinion's conclusions, I write separately to discuss my thoughts regarding why, on remand for resentencing, res judicata will bar the trial court's consideration of consecutive sentences on the rape counts.   When, as here, an erroneous sentence is simply voidable, the sentence must be attacked by an aggrieved party on direct appeal, and, if not so attacked, the sentence is subject to the doctrine of res judicata.   *State v. Bates*, Ohio Slip Opinion No. 2022-Ohio-475, __ N.E.3d __, ¶ 22, citing *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, ¶ 17.

{¶ 25} On the other hand, " 'it is fundamental that [an] appeal lies only on behalf of an aggrieved party,' and for the purpose of 'correct[ing] error injuriously affecting [that party].' "   *Id.* at ¶ 20, quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160, 161, 42 N.E.2d 758 (1942), syllabus. Thus, it "follows that [a] party that benefits

from an error cannot be [an] aggrieved party." *Id.*, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33 (noting that a party who benefits from a trial court error is not the appropriate party to assert the issue on appeal). *See also In re R.S. and E.S.*, 2d Dist. Champaign No. 2014-CA-38, 2015-Ohio-4514, ¶ 6 (If the appealing party is not injured by the order being appealed, an appeal will not "lie," and, as such, is subject to dismissal.).

{¶ 26} The issue, then, is whether the State was aggrieved by the trial court's initial sentencing decision. At first blush, one could conclude that the trial court's "life" sentences on the rape counts did not injure the State and, given this, that the State was not an aggrieved party with standing to appeal the sentencing decision. But whether a party is aggrieved by a sentencing judgment is not determined "in a vacuum." *Bates* at ¶ 21. The sentencing hearing transcript reflects the State's request that consecutive sentences be imposed on the rape counts. This prompted the trial court to state the following at the sentencing hearing:

> I know * * * the State would like to see * * * consecutive [sentences on the rape counts], but I don't think I can impose more than a life sentence on a person.

Thereafter, without filing a cross-appeal, the State asserted in *O'Halloran I* that the "trial court should have imposed consecutive sentences [on] all five convictions * * *." *Id.* at ¶ 10. I conclude, under these circumstances, that the State was an aggrieved party as it related to the trial court's conclusion that it could not impose consecutive sentences on the rape counts. Given this, the State's failure to appeal the trial court's consecutive

sentencing conclusion triggered the application of res judicata. Of course, this means that the trial court, on remand for resentencing, cannot consider imposing consecutive sentences on the rape counts. Based upon this reasoning, I concur in the majority opinion's res judicata determination.

Copies sent to:

Megan A. Hammond
April F. Campbell
Hon Adolfo A. Tornichio