[Cite as *State v. Williamson*, 2024-Ohio-327.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| SHAWN L. WILLIAMSON | : | Case No. CT2023-0049 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2023-0174


JUDGMENT:                         Affirmed in part; Reversed and
                                  Remanded in part


DATE OF JUDGMENT:                 January 31, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           CHRIS BRIGDON
Prosecuting Attorney                      8138 Somerset Rd
Muskingum County, Ohio                    Thornville, Ohio 43076


By: John Connor Dever
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   The appellant appeals his sentence after pleading guilty to multiple offenses. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}   On or about February 23, 2023, the appellant stole a motor vehicle from victim #1; law enforcement officers observed the appellant driving the stolen vehicle, and a chase ensued. Officers subsequently located the stolen vehicle, abandoned. The appellant was not apprehended at that time.

{¶3}   In the early morning hours of March 2, 2023, the appellant walked into the home of victim #2, asked to see a woman who did not live there, and left after victim #2 demanded he leave. The appellant returned and attempted to regain entry into victim #2's home, but was unable to do so. Later that same morning, law enforcement officers received a call from victim #3, who heard banging on her door and discovered that her car keys were missing from the table in her living room. She heard her vehicle "peel out" of the driveway, and reported it stolen. Officers later learned that her car keys on the table were attached to her wallet, the cash on her table was missing, and her back door had been kicked in and the door frame broken.

{¶4}   Later that morning, victim #4 called law enforcement and reported that he was sitting on his couch when the appellant attempted to force his way into his home, broke the door frame, and then threw a brick through the front window. The appellant was yelling for a woman named Jessica Ross as he was forcefully trying to enter the victim's home. Ross left victim #4's home with the appellant in the car that had been stolen from victim #3.

**{¶5}** The appellant was subsequently spotted by law enforcement driving a stolen Mercedes-Benz at a high rate of speed. It was later learned that the Mercedes-Benz belonged to victim #5, and was stolen when the appellant broke into her garage. A high speed chase ensued, at times reaching speeds in excess of 120 miles per hour. During the chase the appellant ran vehicles off the road, failed to stop or yield at stop signs, and the debris from the vehicle he was operating caused damage to a vehicle owned by victim #6.

**{¶6}** Ultimately the appellant abandoned the Mercedes-Benz and ran off on foot. Law enforcement officers located the appellant, and as they approached him he removed a black hand-gun from his waistband and held it to his own head. Officers attempted to persuade the appellant to drop his weapon, but he got away and proceeded to trespass onto the property of yet another victim, enter a Ford Explorer in which the keys were located, and steal the Ford. He was cut off by law enforcement when he tried to flee the area, and again fled on foot. The Ohio State Highway Patrol Aviation Unit was called in to assist, but to no avail.

**{¶7}** Law enforcement officers thereafter received reports that the appellant was knocking on doors asking for water and a ride. The appellant was, finally, apprehended by a deputy sheriff and his K-9 partner.

**{¶8}** The appellant was indicted on March 15, 2023, on nineteen counts in connection with this crime spree, to which he pleaded not guilty at his March 22, 2023 arraignment. The parties negotiated a plea agreement, and the matter came before the trial court on May 15, 2022, for a change of plea hearing at which the appellant pleaded guilty to the following:

- Count one, receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree;

- Count three, trespass in a habitation, as amended, in violation of R.C. 2911.12(B), a felony of the fourth degree;

- Count four, burglary, with a repeat violent offender specification, in violation of R.C. 2911.12(A)(1), a felony of the second degree;

- Counts five and nine, grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree;

- Count twelve, failure to comply risk of harm, as amended, in violation of R.C. 2921.331(B), a felony of the third degree;

- Count thirteen, obstruction of official business with a firearm specification in violation of R.C. 2921.31(A), a felony of the fifth degree;

- Count fifteen, having weapons under disability, as amended, in violation of R.C. 2923.13(A)(2), a felony of the third degree;

- Count seventeen, grand theft of a motor vehicle, as amended, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and,

- Count eighteen, robbery, as amended, with a one-year firearm specification and a repeat violent offender specification, in violation of R.C. 2911.02(A)(2), a felony of the second degree.

{¶9} The appellee moved to dismiss the remaining charges pursuant to the terms of the parties' plea agreement, which the trial court granted.

**{¶10}** The sentencing hearing took place on June 26, 2023, at which the following exchange took place between the trial court and the appellant:

THE COURT:  In looking at your history, I have seen histories like this before. Your criminal history goes back to age 8 when you were sent to Avondale for setting a pharmacy on fire. From that time on, you've been the system, Juvenile, DYS, everywhere. Some would say the system failed. Some would say you failed. I would say there's a little bit if each in there, but the system did not help you.

Since becoming an adult you have felonies also. One in 2016, which is attempted felonious assault on a peace officer, failure to comply, a fleeing charge, and a misdemeanor history throughout your entire adult life, then this crime spree.

And it's also my understanding you're on post-release control right now. Is that correct?

THE DEFENDANT: Yes, sir

THE COURT: But you know better. You know that anything that I give you on PRC must be served consecutively to everything else.

So what's an appropriate sentence? 10 years, 20 years, 40 years? All that is in the range in here. But you've been in and out of the system so much that there's no little amount or large amount that's going to make much difference at this point in time until you maybe see a light and get some help and get out of this rotating wheel that you're on of going to prison, getting out, going to prison, getting out, going to jail, getting out.

In regards to the Counts 1, 3, 5, 9, and 17, which is your felonies of the fourth degree, the Court would impose an 18-month sentence on each to be served concurrently with each other. And Count 4 is a felony of the second degree and a RVO spec is on that count. The Court will impose a 6-year sentence on the felony of the second degree in that count.

In Count 12, which is a felony of the third degree, the Court will impose a 24-month sentence which is a 2-year sentence, which must be served consecutively to any other sentence you receive. And the Court will impose a 5-year license suspension.

In regards to Count 13, the Court will impose a 12-month sentence, impose a 1-year mandatory consecutive sentence for the firearm specification which will be consecutive to all sentences and mandatory time.

Count 15, the Court will impose a 36-month sentence. And in Count 18, the Court will impose an 8-year sentence with an indefinite term of up to 4 - - well, we'll get in to the indefinite term here in a second. The Court will impose 2 years on the mandatory consecutive which will make that a total of 10 years on that case. That's on the RVO specification. There is a 1-year mandatory consecutive sentence on the gun specification.

The Court having sentenced you to 8 years on the indefinite sentence, that makes the indefinite sentence to a possible 12 years with the 4-year leeway. There's also, then, two mandatory consecutive 1 year sentences which will make that a total of 14 at this point in time. There's also a consecutive sentence for the 6 years imposed on the Count 4 which

will make it up to a 20 possible sentence or 20 -- excuse me -- that's 23 years, I believe. My math's screwing up here -- 22 years.

**{¶11}** The trial court did not make any specific findings with regard to the repeat violent offender specifications contained in counts four and eighteen.

**{¶12}** The appellant filed a timely appeal and sets forth the following three assignments of error:

**{¶13}** "I. SHOULD THIS HONORABLE COURT REMAND THIS MATTER FOR RE-SENTENCING BECAUSE THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE IN CONTRAVENTION OF FACTORS FOUND IN OF R.C. §2929.14."

**{¶14}** "II. SHOULD THIS HONORABLE COURT REMAND THIS MATTER FOR RE-SENTENCING BECAUSE THE TRIAL COURT ERRED BY NOT MAKING THE APPROPRIATE FINDING REGARDING THE REPEAT VIOLENT OFFENDER SPECIFICATIONS AND DID NOT DISCUSS REASONS FOR CONSECUTIVE SENTENCES."

**{¶15}** "III. SHOULD THIS HONORABLE COURT REMAND THIS MATTER FOR RE-SENTENCING BECAUSE THERE WAS NO SPECIFIC FINDING REGARDING COUNT 13 REGARDING THE NON-MANDATORY PORTION OF THE COUNT (OBSTRUCTING OFFICIAL BUSINESS F4), RATHER ONLY A FINDING REGARDING THE FIREARM SPECIFICATION."

## STANDARD OF REVIEW

**{¶16}** Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate

court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

## ANALYSIS

### Assignment of Error Numbers One and Three

**{¶17}** We will address assignments of error numbers one and three together, as they are interrelated. The appellant argues in assignment error number one that the trial court erred because it did not discuss the required findings regarding the imposition of consecutive sentences and state the reasons for doing so. He argues in assignment of error number three that the trial court did not clearly pronounce that the prison time imposed for count 13 was to run concurrently.

**{¶18}** R.C. 2929.11 provides in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender,

deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶19}  R.C. 2929.12 provides:

(A)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3)     The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4)     The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5)     The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6)     The offender's relationship with the victim facilitated the offense.

(7)     The offender committed the offense for hire or as a part of an organized criminal activity.

(8)     In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9)     If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who

was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)     At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other

provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)     The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)     The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)     The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)     The offender shows no genuine remorse for the offense.

(E)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)     Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)     Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)     Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)     The offense was committed under circumstances not likely to recur.

(5)     The offender shows genuine remorse for the offense.

(F)     The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

**{¶20}** The appellant's arguments are unpersuasive and do not establish that the trial court failed to comply with R.C. 2929.11(A) or properly weigh the factors set forth in R.C. 2929.12, particularly since the appellant has a criminal history containing a significant number of criminal offenses committed prior to the offenses herein, and had not led a law-abiding life for many years prior to the offenses herein. Furthermore, the offenses committed by the appellant were not committed under circumstances not likely to recur.

**{¶21}** This court recently addressed sentencing issues in *State v. Worden,* 5th Dist. Muskingum No. CT2022-0030, 2022-Ohio-4648:

> R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27.

**{¶22}** The appellant argues that the trial court erred because it did not engage in factfinding on the record before imposing the maximum prison terms. We disagree. As set forth by the Ohio Supreme Court in *State v. Mathis,* 109 Ohio St. 3d 54, 2006-Ohio-855, 846 N.E.2d 1, ". . . trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 37. Further, this Court stated in *State v. Hobby*, 5th Dist. Ashland No. 11 COA 41, 2012-Ohio-2420:

> Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. *See State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470; *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1. Instead, the trial court is

vested with discretion to impose a prison term within the statutory range. *See Mathis,* at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." *Id.* at ¶ 37, 846 N.E.2d 1. Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No .2006–CA–0025, 2006–Ohio–4061, 2006 WL 2257068; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753, 2006 WL 2257068, ¶ 7–8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

*Id.* at ¶ 34.

{¶23} In the case sub judice, the sentence imposed by the trial court on the charges to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based on impermissible considerations, for example, considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12.  The record contains evidence supporting the trial court's findings based upon the applicable law, and the trial court is not required to engage in judicial fact-finding or list the statutory factors in support if its sentence so long as the sentence is within the applicable statutory range. The trial court did not err in imposing sentence upon the

appellant, and we find no basis for concluding that the trial court's decision constitutes an abuse of discretion.

**{¶24}** The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crime by the offender. The appellant's presentence investigation established that he had a significant criminal history. The sentence imposed by the trial court achieves the aforesaid statutory purposes, as it punishes the appellant for his offenses and protects the public from future crime by the appellant.  To achieve those purposes, the trial court properly considered the need for incapacitating the offender, deterring the offender and others from future crime. The appellant engaged in a crime-spree that resulted in an indictment on sixteen felony charges and three misdemeanor charges. In addition, the appellant has a significant history of criminal behavior. R.C. 2929.12 gives the trial court discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. In this case the trial court considered the general guidance factors in its sentencing decision; it is not required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.

**{¶25}** Furthermore, the appellant's argument that the matter should be reversed and remanded because the trial court did not clearly pronounce that the prison time for count thirteen was to run concurrently to the other counts must also fail; when a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. See, R.C. 2929.41(A).

**{¶26}** The appellant's assignments of error numbers one and three are therefore overruled.

**Assignment of Error Number Two**

**{¶27}** In his second assignment of error the appellant argues that the trial court erred when it did not make the appropriate finding regarding the repeat violent offender specifications and did not discuss reasons for consecutive sentences. We agree in part and disagree in part.

**{¶28}** R.C. 2929.14(B)(2) authorizes trial courts to impose repeat-violent offender prison time, and states in pertinent part:

(2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i)     The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii)    The offense of which the offender currently is convicted or to which the offender currently pleads guilty is . . . any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii)     The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life imprisonment without parole.

(iv)     The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v)     The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

(b) The court shall impose on an offender the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, the longest minimum prison term authorized or required for the offense, and shall impose on the offender an additional

definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i)  The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii)  The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii)  The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(c) For purposes of division (B)(2)(b) of this section, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that one offense shall be the offense with the greatest penalty.

(d) A sentence imposed under division (B)(2)(a) or (b) of this section shall not be reduced pursuant to section 2929.20, division (A)(2) or (3) of section 2967.193 or 2967.194, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. The offender shall serve an additional prison term imposed under division (B)(2)(a) or (b) of this section consecutively to and prior to the prison term imposed for the underlying offense.

(e) When imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence.

{¶29} In this case, the appellant pleaded guilty to burglary with a repeat violent offender specification in violation of R.C. 2911.12(A)(1), a felony of the second degree (count four); and, robbery as amended, with a one-year firearm specification and a repeat violent offender specification, in violation of R.C. 2911.02(A)(2), a felony of the second degree (count eighteen). The trial court did not, however, establish on the record the requisite facts relating to whether these offenses involved an "attempt to cause or a threat to cause serious physical harm to a person" or "resulted in serious physical harm to a person." With regard to this portion of the appellant's assignment of error number two, we reverse the trial court's imposition of repeat-violent-offender prison time and remand the matter in order for the trial court to make the requisite findings of fact regarding the repeat violent offender specifications.

**{¶30}** The appellant also submits in assignment of error number two that the trial court erred when it did not discuss its reasons for consecutive sentences. For the reasons set forth in our discussion of assignments of error numbers one and three, we disagree with this portion of appellant's assignment of error number two and find it to be without merit.

## CONCLUSION

**{¶31}** Based upon the foregoing, we find that appellant's assignments of error numbers one and three are without merit and are overruled.

**{¶32}** Further, we find that the second portion of appellant's assignment of error number two, that the trial court erred in not discussing its reasons for consecutive sentences, is without merit and is overruled.

**{¶33}** Finally, we find that the first portion of appellant's second assignment of error, that the trial court erred when it did not make the required findings of fact regarding serious physical harm in connection with the imposition of repeat violent offender prison time, to have merit. We therefore remand this matter to the trial court for the narrow purpose of addressing the serious physical harm issue as it relates to the appellant's guilty plea to the repeat violent offender specifications contained in counts four and eighteen.

**{¶34}** Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is affirmed in part, and is reversed and remanded in part for proceedings consistent with this opinion.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.