[Cite as *State v. Williamson*, 2024-Ohio-4980.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0032 |
| SHAWN WILLIAMSON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0174

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 15, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH PALMER
Assistant Prosecutor
27 North 5th Street #201
Zanesville, OH 43701

For Defendant-Appellant

APRIL CAMPBELL
Campbell Law, LLC
545 Metro Place S. , Suite #100
Dublin, OH 43017

*Gwin, P.J.*

**{¶1}** In Defendant-appellant Shawn Williamson's ["Williamson"] direct appeal, this Court remanded the case to the Muskingum County Court of Common Pleas to address the serious physical harm issue as it relates to Williamson's guilty plea to the repeat violent offender specifications contained in counts four and eighteen of the indictment. At the re-sentencing hearing the judge found sufficient facts to support the finding of guilt on the repeat violent offender specifications. The trial judge then imposed the same sentence as he originally imposed. Williamson appeals the trial judge's decision.

*Facts and Procedural History*

**{¶2}** Williamson originally entered negotiated guilty pleas to ten counts, two of which were second-degree felonies with repeat violent offender specifications. *State v. Williamson,* 2024-Ohio-327, ¶ 8 (5th Dist.). ["*Williamson I*"]. As a part of the plea deal with the state, Williamson agreed to plead not only to those two counts, but also to the specifications. Williamson filed a direct appeal of his sentences. On appeal, this Court concluded,

> Finally, we find that the first portion of appellant's second assignment of error, that the trial court erred when it did not make the required findings of fact regarding serious physical harm in connection with the imposition of repeat violent offender prison time, to have merit. We therefore remand this matter to the trial court for the narrow purpose of addressing the serious physical harm issue as it relates to the appellant's guilty plea to the repeat violent offender specifications contained in counts four and eighteen.

*Williamson I,* ¶ 33.

{¶3}   The trial judge conducted a re-sentencing hearing on February 14, 2024. The state argued that Williamson broke into the victim's home by kicking in her door while she was asleep, snuck around, and stole her car keys. T. at 6-7. Williamson, once outside the home, held a gun to his own head and threatened to shoot himself. Id. at 7. The defense argued that Williamson did not brandish the gun until he was outside the victim's home, and then he held the gun to his own head. Id. at 7-8. The defense argued that the victim was asleep and no one else was aware of the gun, so no one other than Williamson was aware of the risk of serious physical harm. Id. at 8. However, the police had arrived when Williamson threatened to shoot himself. Id.

{¶4}   The trial judge first incorporated by reference the entire original sentencing proceeding. The judge noted that Williamson was on post-release control for a crime of violence at the time of the present offenses. Id. at 10. The judge held,

[T]he Defendant brandished a firearm while he was on post-release control and had that firearm on his person which was a threat of serious physical harm against persons while breaking into their home. Additionally, holding this firearm to his own head showed that serious physical harm was an imminent threat to a person. The Court therefore finds sufficient facts to support the finding of guilt on the Repeat Violent Offender Specifications attached to Counts Four and Eight. The same sentence as originally imposed on June 26, 2023, remains in effect.

T. at 10-11; *Judgment Entry,* filed Feb. 16, 2024.

*Assignment of Error*

**{¶5}** Williamson raises one Assignment of Error,

**{¶6}** "I. THE RES JUDICATA DOCTRINE, ISSUE PRECLUSION DOCTRINE, AND THE LAW OF THE CASE BARRED THE TRIAL COURT FROM IMPOSING A SENTENCE ON WILLIAMSON'S REPEAT VIOLENT OFFENDER SPECIFICATIONS UPON REMAND, BECAUSE IT DID NOT FIRST MAKE THE NECESSARY FACTUAL FINDINGS TO SUPPORT THE SENTENCE IN WILLIAMSON'S FIRST SENTENCING HEARING UNDER R.C. 2929.14."

*Law and Analysis*

**{¶7}** In the case at bar, Williamson argues that the trial judge could not make the findings concerning the repeat violent offender specification because the judge failed to make the findings during the original sentencing hearing. He argues the finding is barred by res judicata because the state did not appeal the trial judge's failure to make the findings in the original appeal.

**{¶8}** The doctrine of the law-of-the-case applies in the instant matter. Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, (1984), *citing Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924), *reversed on other grounds, New York Life Ins. Co. v. Hosbrook, 130 Ohio St. 101, (1935).* We remanded this case with instructions to the trial judge to address the serious physical harm findings as it relates to Williamson's guilty plea to the repeat violent offender specifications contained in counts

four and eighteen. As demonstrated above, the trial judge did what we instructed he should do.

{¶9} "Absent extraordinary circumstances, such as an intervening decision by [the Supreme Court], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*, 11 Ohio St.3d at 5. Thus, once Williamson exhausted his appeals related to *Williamson I*, this Court's decision in that matter became the law of the case, both in this Court and in the trial court. *Pavlides v. Niles Gun Show, Inc.,* 112 Ohio App.3d 609, 615, (5th Dist. 1996); *State v. Watson*, 2023-Ohio-1469, ¶ 20 (5th Dist.), *appeal not allowed*, 2023-Ohio-4034, ¶ 20.

{¶10} Accordingly, as the Ohio Supreme Court has not accepted an appeal from our decision in *Williamson I,* neither the trial court, nor this Court, can disregard our mandate that the trial judge address the serious physical harm issue as it relates to Williamson's guilty plea to the repeat violent offender specifications contained in counts four and eighteen.

{¶11} Williamson's reliance on *State v. O'Halloran*, 2022-Ohio-1342 (2nd Dist.) ["*O'Halloran, II*"] is misplaced. In *O'Halloran*, the trial judge originally imposed definite, concurrent sentences on three counts of rape. O'Halloran appealed from the trial court's judgment. *State v. O'Halloran*, 2021-Ohio-11, ¶ 8. ["*O'Halloran, I*"]. On appeal, O'Halloran argued the trial court erred by sentencing him to life prison terms on each of the rape counts. He asserted the trial court was statutorily obligated to sentence him to a minimum of 10 years to a maximum of life on each count. The state conceded the error. *O'Halloran, I,* ¶ 7.

**{¶12}** On appeal, the court found the sentencing statute, R.C. 2971.03, applicable to the case provides that the court shall impose a minimum term of 10 years and a maximum term of life imprisonment. R.C. 2971.03(B)(1)(a). *O'Halloran, I* ¶ 8. The court found that the trial judge did not impose the sentence mandated by statute. Instead, the trial court converted an indefinite sentence required by statute into a de facto definite sentence, and in so doing, it exceeded its sentencing authority. *O'Halloran, I* ¶ 9. Accordingly, the court remanded the matter for resentencing. *O'Halloran, I, ¶15.*

**{¶13}** On resentencing, the trial judge, in addition to sentencing O'Halloran to indefinite prison terms of ten years to life for each of the rape convictions, made the sentences for the three counts of rape consecutive. O'Halloran did not challenge, and the state did not file a cross-appeal regarding, the concurrent nature of the sentences imposed for the three rape counts in the original appeal. *O'Halloran, II, ¶* 17. The Court of Appeals found that res judicata precluded the trial court from changing the sentences from concurrent, and imposing consecutive sentences for, O'Halloran's three rape convictions on remand. Id.

**{¶14}** In the case at bar, the trial judge imposed the same sentence that he originally imposed. The only difference was the finding that sufficient facts were found to support the finding of guilt on the repeat violent offender specifications.

**{¶15}** Therefore, because the trial judge imposed the same sentence that he originally imposed, Williamson can demonstrate no prejudice to his substantive rights from the trial judge's findings concerning serious physical harm with respect to the repeat violent offender specifications on remand from this Court.

**{¶16}** Williamson's sole Assignment of Error is overruled.

{¶17} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

King, J., concur