[Cite as *State v. McCullough*, 2018-Ohio-4499.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    28917 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW MCCULLOUGH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR-2017-03-0863 |

DECISION AND JOURNAL ENTRY

Dated: November 7, 2018

SCHAFER, Presiding Judge.

**{¶1}** Appellant, Matthew McCullough, appeals the judgment entry of the Summit County Court of Common Pleas denying his motion to dismiss the indictment. This Court affirms.

I.

**{¶2}** On March 27, 2017, McCullough was indicted for causing serious harm to a companion animal, on or about February 14, 2017, in violation of R.C. 959.131(C). McCullough entered an initial plea of not guilty to the charge. As the case proceeded, McCullough filed a motion to dismiss the indictment pursuant to Crim.R. 12(C), contending that he was improperly charged with a felony of the fifth degree while, pursuant to R.C. 959.99, the penalty for a first time violation of R.C. 959.131(C) was a misdemeanor of the second degree. McCullough argued that an act recently passed by the Ohio Senate repealed R.C. 959.99 in its entirety and replaced it with a new version effective March 21, 2017. He argued that the "new version" of R.C. 959.99

reduced the penalty for violating R.C. 959.131(C) from a felony of the fifth degree to a misdemeanor of the second degree on a first offense and a misdemeanor of the first degree on each subsequent offense. Further, because this alleged change took effect six days prior to his indictment, McCullough argued that he should have been charged with a misdemeanor of the second degree, not a felony of the fifth degree. Based on his conclusion that the indictment improperly charged a felony, McCullough reasoned that the indictment was facially invalid and should be dismissed.

{¶3} On October 24, 2017, the trial court accepted McCullough's plea of no contest and found him guilty on the sole count of the indictment for prohibitions concerning companion animals in violation of R.C. 959.131(C), as a felony of the fifth degree. In the journal entry dated October 30, 2017, the trial court denied McCullough's motion to dismiss. The court then sentenced McCullough on December 5, 2017, to nine months of incarceration, which it suspended upon the condition that McCullough complete two years of community control with certain conditions imposed.

{¶4} McCullough filed this timely appeal and presents one assignment of error of our review.

II.

**Assignment of Error**

**The trial court erred by denying [McCullough]'s motion to dismiss the indictment.**

{¶5} On appeal, McCullough reiterates the argument presented to the trial court in support of his motion to dismiss the indictment, contending the trial court erred in denying the motion because the indictment was invalid on its face. A pretrial motion to dismiss tests the sufficiency of the indictment. *State v. Johnson*, 9th Dist. Summit No. 27558, 2015-Ohio-3449, ¶

13. This Court reviews a trial court's denial of a motion to dismiss an indictment de novo. *State v. Vanderpoll*, 9th Dist. Summit No. 22803, 2006-Ohio-526, ¶ 7.

{¶6} The current version of R.C. 959.131(C) states that "[n]o person shall knowingly cause serious physical harm to a companion animal." R.C. 959.99(E)(2) currently provides that "[w]hoever violates [R.C. 959.131(C)] is guilty of a felony of the fifth degree."

{¶7} McCullough asserts that 2015 S.B. No. 331 ("S.B. 331"), which became effective March 21, 2017, contained language modifying the penalty for a violation of R.C. 959.131(C) to a misdemeanor of the second degree on the first offense. McCullough contends that this most recent version of the statute is irreconcilable with the previous version of the statute enacted by 2015 H.B. 60 ("H.B. 60") because it provides for a different penalty. It is McCullough's position that H.B. 60 either repeals or amends R.C. 959.99, and that the reduced penalty must be imposed according to the statute as amended, pursuant to R.C. 1.58(B). Based upon his contention that H.B. 60 and S.B. 331 present irreconcilable versions of the statutes, McCullough argues that S.B. 331 must prevail, pursuant to R.C. 1.52(A), as the statute enacted latest in date.

{¶8} McCullough's argument focuses only on R.C. 1.52(A), which states that "[i]f statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." However, the issue before us is not the enactment of competing or irreconcilable statutes, but rather amendments to the same statute, R.C. 959.99, by two separate legislative acts. R.C. 1.52(B) states:

> If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each. If the amendments are substantively irreconcilable, the latest in date of enactment prevails. *The fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not of itself make the amendments irreconcilable*. Amendments are irreconcilable

only when changes made by each cannot reasonably be put into simultaneous operation. (Emphasis added.)

Thus, R.C. 1.52(B) applies in this instance and requires review of the legislation to determine whether amendments to R.C. 959.99 by H.B. 60 and S.B. 331 are irreconcilable, or if they may be harmonized and put into simultaneous operation.

{¶9} This Court's review of the relevant legislative history is as follows. H.B. 60, enacted June 13, 2016 and effective September 13, 2016, replaced the prior versions of R.C. 959.131 and R.C. 959.99. H.B. 60 amended R.C. 959.131 in several respects, which included bringing R.C. 959.131(C) to the current version, prohibiting a person from knowingly causing serious physical harm to a companion animal. H.B. 60 also amended R.C. 959.99, including amending R.C. 959.99(E)(2) to state that the penalty for violating R.C. 959.131(C) is a felony of the fifth degree.

{¶10} Subsequently, S.B. 331 was enacted December 19, 2016, and became effective March 21, 2017. The text of R.C. 959.99(A)-(H) appearing in S.B. 331 was based on the prior version of R.C. 959.99, and it did not reflect the recent changes to R.C. 959.99 as amended by H.B. 60. S.B. 331 made only one change to R.C. 959.99: the addition of a subsection (I) providing that "[w]hoever violates division (B) or (C) of section 959.15 of the Revised Code is guilty of a felony and shall be fined not more than ten thousand dollars." S.B. 331 did not add or delete any other part of R.C. 959.99.

{¶11} Upon the passage of a legislative act, the Ohio Legislative Service Commission ("LSC") must "direct how new matter shall be indicated and old matter omitted." R.C. 101.53. When a legislative action amends an existing statute, the new matter to be inserted is indicated by inserting, underlined, the new matter into the appropriate section, and old matter to be omitted is indicated by retaining the matter as it appears in the section but placing a strike through the

language to be omitted. Ohio Adm. Code 103-5-01. Our review of the text clearly reflects that, although the base text of R.C. 959.99 used in S.B. 331 was not updated to reflect the current version of the statute after it was amended by H.B. 60, S.B. 331 did not add, delete, or purport to amend any other portion of R.C. 959.99 aside from the addition of R.C. 959.99(I).

{¶12} The amendment made to R.C. 959.99 by S.B. 331 does not interfere with or contradict the amendments made to that same statute by H.B. 60. It is immaterial that S.B. 331 did not reflect the amendments from H.B. 60, because "[t]he fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not of itself make the amendments irreconcilable." R.C. 1.52(B). Here, S.B. 331 left untouched the subsections of R.C. 959.99 that were amended by H.B. 60. The respective amendments by S.B. 331 and H.B. 60 are not irreconcilable, and we conclude that they can be harmonized to give effect to each amendment with simultaneous operation.

{¶13} Furthermore, the record reflects that the State included, as an exhibit to its response to McCullough's motion to dismiss, a memorandum from the LSC addressing this issue: the harmonization of R.C. 959.99 as amended by H.B. 60 and S.B. 331. In the memorandum the LSC explained, as discussed above, that S.B. 331 included "the text that made up the base of R.C. 959.99" as it appeared before the enactment of H.B. 60, and further explained that the changes under H.B. 60 and S.B. 331 "were reconcilable and were therefore harmonized." The Director of the LSC, as codifier of the laws of the state of Ohio, maintains the official version of R.C. 959.99. *See* R.C. 103.131. The official version of R.C. 959.99 harmonizes H.B. 60 and S.B. 331, and reflects the changes made by both acts, and states at R.C. 959.99(E)(2) that the penalty for violating R.C. 959.131(C) is a felony of the fifth degree.

**{¶14}** We conclude that S.B. 331 did not repeal or amend R.C. 959.99 to lessen the degree of the offense for violating R.C. 959.131(C). Therefore, we further conclude that McCullough's argument fails because, at all times relevant to McCullough's charge and subsequent conviction for violating R.C. 959.131(C), R.C. 959.99 provided that the penalty for such violation is a felony of the fifth degree. For that reason, McCullough's indictment was not incorrect or invalid, and the trial court did not err in overruling McCullough's motion to dismiss the indictment.

**{¶15}** McCullough's sole assignment of error is overruled.

### III.

**{¶16}** McCullough's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                   _____
                                                   JULIE A. SCHAFER
                                                   FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

J. REID YODER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.