[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-4410.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4410

THE STATE EX REL. FRALEY *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-4410.]**

*Mandamus—A court speaks through its journal entries—When a sentencing entry contains a legal error favoring a defendant, the state must appeal the error if the state wishes the error to be corrected—Writ granted.*

(No. 2019-0834—Submitted April 28, 2020—Decided September 15, 2020.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} Relator, Charles Fraley, seeks a writ of mandamus to compel respondents, Ohio Department of Rehabilitation and Correction and Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation and Correction (collectively, "DRC"), to revise their calculation of his prison sentence.

We previously denied DRC's motion to dismiss and issued an alternative writ. 157 Ohio St.3d 1480, 2019-Ohio-4474, 134 N.E.3d 194. For the reasons explained below, we now grant Fraley a writ of mandamus.

## I. Background

{¶ 2} Fraley was convicted of aggravated murder and aggravated robbery in 1979 and sentenced to an aggregate prison term of 15 years to life. He was granted parole in July 2008. After having been granted parole, he committed new offenses, and he was returned to prison on new charges, which were filed in two separate cases.

{¶ 3} In case No. 11CR-403, Fraley pleaded guilty to one count of aggravated robbery with a firearm specification. The trial court imposed a prison sentence of "SEVEN (7) YEARS as to Count One CONSECUTIVE to THREE (3) YEARS for the firearm specification and Concurrent to Case No. 11CR-1229." (Capitalization sic.) And in case No. 11CR-1229, he pleaded guilty to one count of aggravated robbery without a firearm specification and one count of aggravated robbery with a firearm specification. The trial court imposed a prison term of "FIVE (5) YEARS as to Count One Concurrent to SEVEN (7) YEARS as to Count Six, Consecutive to THREE (3) YEARS for the firearm specification on Count Six at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS. Sentence is to be served CONCURRENT to Case No. 11CR-403." (Capitalization sic.)

{¶ 4} Based on these sentencing entries, Fraley believes that the trial judge imposed an aggregate prison term of 10 years for both cases, which would expire in 2021. However, DRC has computed his sentence to be an aggregate term of 13 years, which would not expire until January 2024. The reason for the discrepancy is a dispute over whether the three-year prison sentence for the firearm specification in case No. 11CR-403 runs concurrently with or consecutively to the three-year prison sentence for the firearm specification in case No. in 11CR-1229.

**{¶ 5}** On June 19, 2019, Fraley filed a petition for a writ of mandamus in this court. We denied DRC's motion to dismiss and issued an alternative writ. 157 Ohio St.3d 1480, 2019-Ohio-4474, 134 N.E.3d 194. The parties have submitted stipulated facts and exhibits and filed briefs.

## II. Legal analysis

**{¶ 6}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 7}** Fraley's contention is straightforward: the sentencing court imposed an aggregate sentence of ten years, and DRC is under a clear legal duty to follow the sentencing judge's entries. In response, DRC argues that mandamus is not appropriate, because Fraley has an adequate remedy in the ordinary course of the law by way of a declaratory-judgment action in the common pleas court. Alternatively, DRC contends that it has correctly interpreted the sentencing entries because, as a matter of law, the three-year prison term for the firearm specification in case No. 11CR-403 must be served consecutively to the three-year prison term for the firearm specification in case No. 11CR-1229.

### A. Adequate remedy in the ordinary course of the law

**{¶ 8}** When a declaratory-judgment action would provide a complete remedy, it is an adequate remedy that warrants the denial of a writ of mandamus. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 29. However, "an action may *not* be brought under the Declaratory Judgment Act, R.C. 2721.01, et seq., to seek a declaration of the meaning of a sentencing order." (Emphasis added.) *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 18. In *State ex rel. Miller v. Bower*, 156 Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, we held that a declaratory-

judgment action is not an available remedy for an inmate who wishes to challenge the imposition of consecutive sentences. *Id*. at ¶ 11.[1] Likewise, we held that a declaratory judgment is not an available remedy when DRC has allegedly misconstrued a sentencing entry. *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 10, 16 (granting a writ of habeas corpus when DRC incorrectly interpreted a sentencing entry as imposing consecutive sentences).

{¶ 9} *Norris*, *Miller*, and *Oliver* compel the conclusion that a declaratory judgment is not a remedy available to Fraley. Therefore, he does not have an alternative remedy that would preclude the possibility of a writ of mandamus. Accordingly, we reject DRC's first argument.

### B. DRC's calculation of Fraley's sentence

{¶ 10} Alternatively, DRC argues that Fraley is not entitled to the relief he seeks because, irrespective of what the sentencing entry actually *says*, DRC correctly calculated Fraley's sentence as a matter of law. We reject this argument as well.

{¶ 11} Under Ohio law, an offender receives an additional penalty when a firearm is involved in the commission of an offense. R.C. 2929.14(B). For example, an offender who displays, brandishes, or uses a firearm to facilitate the commission of an offense is subject to a three-year prison term. R.C. 2929.14(B)(1)(a)(ii); R.C. 2941.145(A). The sentence for a firearm specification must be served consecutively to and prior to the sentence that is imposed for the underlying felony. R.C. 2929.14(C)(1)(a); *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 8. This explains why Fraley was sentenced

---

1. We denied the writ of mandamus in *Miller* because Miller had an adequate remedy by way of direct appeal from the allegedly defective sentencing entry. *Id*. at ¶ 12-13. The same may not be said of Fraley: his sentencing entries, at least on their faces, appear to support his claim that the total aggregate sentence for both cases is 10 years, not 13 years. Therefore, he could not have raised his claim on direct appeal; it was only when DRC calculated his sentence that he was aware of a dispute.

to an aggregate term of ten years in case No. 11CR-403 (seven years for the underlying offense, plus three years for the firearm specification) and an aggregate term of ten years in case No. 11CR-1229 (five years to be served concurrently with seven years for the underlying offenses, plus three years for the firearm specification).

{¶ 12} R.C. 2929.14(C)(1)(a) also states that a sentence for a firearm specification must be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." As a matter of law, then, Fraley is required to serve both three-year prison terms for the firearm specifications prior to serving the time for the underlying offenses, for an aggregate term of 13 years. Thus, DRC's calculation of Fraley's sentence is legally correct.

{¶ 13} But this conclusion does not necessarily resolve the matter. When a statute requires sentences to be served consecutively and the sentencing entry is silent as to how the sentences are to run, the statute controls. *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.2d 498, ¶ 10. But in this case, neither entry is silent: each entry orders "the sentence" in each case to be served concurrently with the sentence in the other, and neither entry excludes the three-year sentences for the firearm specifications from the to-be-served-concurrently order.

{¶ 14} The Third District Court of Appeals considered a similar circumstance in *Young v. Bunting*, 3d Dist. Marion Nos. 9-13-46 and 9-13-47, 2014-Ohio-3671. Young was convicted of various crimes in three separate cases, with two of those cases having firearm-specification penalties. *Id*. at ¶ 3. In each sentencing entry, the trial court ordered the sentence to run concurrently to the sentences in the other two cases. *Id*. at ¶ 4. DRC had calculated Young's sentences such that the prison terms for the firearm specifications from the two separate cases were to be served consecutively rather than concurrently. Young filed a petition for a writ of a habeas corpus in the court of common pleas, alleging that he had

completed his sentences as they had been imposed by the sentencing courts. *Id*. at ¶ 1-2. DRC disputed this claim, arguing that it believed the prison terms for the firearm specifications from the two separate cases were to be served consecutively, not concurrently. *Id*. at ¶ 9.

{¶ 15} The common pleas court denied the writ, concluding that the "base sentences were concurrent but the two specifications were consecutive to the base sentences and consecutive to each other," even though the sentencing courts did not expressly say so. *Id*. at ¶ 10. On appeal, the court of appeals concluded that it could not

> completely disregard the sentencing court's statements in its sentencing entries that seem to contradict the statute. The sentencing court's statements that [the] "total of 5 years" sentence in [one case], which included firearm specifications, was to run *concurrently* to the "total of 4 years" sentence in [the second case], which included another firearm specification, suggest a possibility that the sentencing court imposed those specifications concurrently, contrary to the statutory requirement.

(Emphasis sic and footnote omitted.) *Id*. at ¶ 14. The court of appeals held that the sentencing entries were ambiguous and remanded the case for additional factfinding. *Id*. at ¶ 17, 19. By doing so, the court of appeals implicitly held that *if* the sentencing courts *did* order the prison terms for the gun specifications to be served concurrently, then that intention would control, not the statute.

{¶ 16} Indeed, the concurring opinion in *Young* stated that there was no ambiguity in the sentencing order: "the only journalized entries on record unambiguously state that Young's sentences were to run concurrently to one another." *Id*. at ¶ 25 (Rogers, J., concurring). According to the concurring opinion,

6

DRC was unilaterally deciding that the sentences were contrary to law and imposing what it deemed to be the legally correct sentence on its own authority. *Id*. at ¶ 40. Indeed, the concurring opinion would have ordered Young's immediate release from custody. *Id*. at ¶ 38, 44.

{¶ 17} A court speaks through its journal entries, *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12, and the entries in Fraley's cases are not ambiguous: they order his sentences to be served concurrently and do not separately address the sentences for the firearm specifications. If the entries contained a legal error favoring Fraley, then the state should have appealed the error. But it failed to do so. DRC's role is not to correct a sentencing court's errors and impose the sentence it believes the court should have imposed. To the contrary, DRC is obliged to execute the sentence imposed by the court. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 21 ("It is the responsibility of the [Adult Parole Authority] to carry out the sentence after the court imposes it, not to interpret the law and impose its own sentence based on information in the sentencing entry"), *overruled on other grounds*, *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-3849, __ N.E.3d __.

{¶ 18} Because DRC has a clear legal duty to carry out the sentence that the trial court imposed, Fraley is entitled to a writ of mandamus compelling DRC to correct its records.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Kura, Wilford & Schregardus Co., L.P.A., and Sarah M. Schregardus, for relator.

Dave Yost, Attorney General, and Byron D. Turner, Assistant Attorney General, for respondents.

_____