[Cite as *Trevathan v. Eppinger*, 2021-Ohio-1134.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DANNY TREVATHAN, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2020-T-0086** |
| LASHANN EPPINGER (WARDEN), | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition denied.

*Danny Trevathan*, pro se, A544-000, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215, and *Stephanie Watson*, Assistant Attorney General, Ohio Attorney General's Office, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}  Danny Trevathan, an inmate at the Trumbull Correctional Institution, petitions this court to issue a writ of habeas corpus to Warden LaShann Eppinger. Trevathan contends the Bureau of Sentence Computation ("BSC") arbitrarily added an additional year to his prison sentence without a court order.  The matter is now before us on the Warden's motion for summary judgment and Trevathan's reply in opposition.

{¶2} "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C).

{¶3} "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10, citing *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8. "Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. And in those circumstances, the writ is not available when there is an adequate remedy in the ordinary course of the law." (Citations omitted.) *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 13.

{¶4} The Warden first contends Trevathan cannot succeed in his petition because his claim that the BSC miscalculated the expiration date of his sentence is not cognizable in habeas corpus. The Warden relies on *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, where the offender was granted a writ of mandamus compelling the Ohio Department of Rehabilitation and Correction ("DRC") to correct its records. Here, Trevathan argues he is being held unlawfully because his maximum sentence, which was arbitrarily changed by the DRC, has expired. If such an argument has merit, a writ of habeas corpus may issue. *See, e.g.*, *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204. The Warden's contention fails, therefore, as a matter of law.

2

{¶5} The Warden further contends Trevathan cannot demonstrate that his maximum sentence has expired. The Warden supports his motion with an affidavit of the Correction Records Sentence Computation Auditor for the DRC. The Auditor prepared and attached a calculation of sentence for Trevathan from DRC records, which is summarized as follows:

{¶6} Trevathan was admitted to the DRC December 30, 1992, for felony convictions in Mahoning County case number 92-CR-570. He was ordered to serve three concurrent sentences, the longest an indefinite 5 to 25 years, plus a consecutive 3-year term for a firearm specification in violation of R.C. 2941.141. His maximum expiration date was May 13, 2020. Trevathan was paroled February 1, 2006. Trevathan was again admitted to the DRC March 10, 2008, for felony convictions in Mahoning County case number 2006-CR-593. He was ordered to serve four concurrent sentences of 1 year each, plus a consecutive 1-year term for a firearm specification in violation of R.C. 2941.141. This sentence was ordered to run concurrent with Trevathan's sentence in a federal case. The Auditor concludes, "The gun specification is consecutive with his maximum expiration date. His maximum expiration date became 5/13/2021."

{¶7} In response, Trevathan contends his "release date has [consistently] stated May 13, 2020 from the beginning of the sentencing violation on March 4, 2008, Case No. 2006-CR-593 for over a decade," and "the court," presumably the sentencing court, "has maintained that everything is to run concurrent." He refers to documents attached to his petition—"Placement Investigation Request," dated January 18 and February 20, 2020—which indicate "MAX: 05/13/2020." Trevathan claims that sometime after these dates, his maximum expiration date changed to May 13, 2021.

3

{¶8} Also attached to Trevathan's petition are copies of sentencing entries from Mahoning County case numbers 92-CR-570 and 2006-CR-593, as well as the sentencing entry from the federal case. The Warden does not contest the authenticity of these entries and specifically refers to the 2006-CR-593 entry in his motion.

{¶9} The central dispute is whether the 1-year sentence for the firearm specification in 2006-CR-593 runs concurrently with or consecutively to the prison sentence in 92-CR-570. Dispositive and fatal to Trevathan's petition is that the 2006-CR-593 entry is silent on the issue.

{¶10} "When a statute requires sentences to be served consecutively and the sentencing entry is silent as to how the sentences are to run, the statute controls." *Fraley*, 2020-Ohio-4410, at ¶ 13, citing *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, 997 N.E.2d 498, ¶ 10. And, R.C. 2929.14(C)(1)(a)[1] requires a mandatory prison term for a firearm specification in violation of R.C. 2941.141 to be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

{¶11} Therefore, because the 2006-CR-593 sentencing entry is silent in this regard, Trevathan is required to serve the 1-year firearm specification in 2006-CR-543 consecutively to the prison term previously imposed in 92-CR-570. Trevathan has not demonstrated a genuine issue as to any material fact with respect to his claim that he is entitled to immediate release from prison. The Warden is entitled to summary judgment as a matter of law.

---

1. R.C. 2929.14(E)(1)(a) at the time of Trevathan's 2008 sentencing.

{¶12} Also, Trevathan's reliance on the disposition in *Fraley* is inapposite. There, the relator was entitled to a writ compelling the DRC to correct its records because the sentencing entries were *not* silent—the court had ordered the sentences in two cases to be served concurrently with each other and did not separately address the sentences for the firearm specifications. Although a legal error, the state did not appeal. In that situation, "DRC's role is not to correct a sentencing court's errors and impose the sentence it believes the court should have imposed. To the contrary, DRC is obliged to execute the sentence imposed by the court." *Fraley* at ¶ 17, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 21.

{¶13} The Warden's motion for summary judgment is granted. Trevathan's petition for a writ of habeas corpus is denied.

CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., MATT LYNCH, J., concur.