[Cite as *Chester v. Black*, 2024-Ohio-1558.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| ISAAC CHESTER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024 CA 0007 |
| KENNETH BLACK WARDEN, | : |  |
| RICHLAND CORRECTIONAL | : |  |
| INSTITUTE | : | OPINION |
|  |  |  |
| Respondent |  |  |

CHARACTER OF PROCEEDING:   Writ of Habeas Corpus

JUDGMENT:   Writ of Habeas Corpus Dismissed

DATE OF JUDGMENT ENTRY:   April 23, 2024

APPEARANCES:

For - Petitioner

ISAAC CHESTER #791-522
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901

For - Respondent

DAVE YOST
Ohio Attorney General
BY: JERRI L. FOSNAUGHT
Assistant Attorney General
Criminal Justice Section
30 East Broad Street, 3rd Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1} On March 6, 2024, Petitioner Isaac Chester filed a Petition for Writ of Habeas Corpus against Respondent Kenneth Black, Warden of the Richland Correctional Institution. On March 18, 2024, Warden Black filed a Motion to Dismiss. Chester filed a response to the motion on April 17, 2024. For the following reasons, Respondent Black's motion is granted and Chester's writ is dismissed.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} Chester is currently incarcerated under sentencing journal entries issued by Portage and Cuyahoga Counties Common Pleas Courts. On August 11, 2021, Chester pled guilty, in the Portage County Common Pleas Court, to one count of failure to comply. *State of Ohio v. Isaac J. Chester*, Portage C.P.No. 2021 CR 0462 (Aug. 11, 2022). On August 11, 2022, the trial court sentenced Chester to a 24-month prison term "to be served Mandatory Consecutive Sentence with the sentence the Defendant is currently serving, or until such time as he is otherwise legally released." This sentence was subsequently affirmed in *State v. Chester*, 11th Dist. Portage No. 2022 PA 00060, 2023-Ohio-2122.

{¶3} The sentence Chester was serving, at the time of his sentencing in Portage County, was a sentence for one count of robbery and one count of felonious assault. On March 30, 2022, Chester pled guilty to these two counts in the Cuyahoga County Common Pleas Court. *The State of Ohio v. Isaac Chester*, Cuyahoga C.P.No. CR-21-662387-A (May 11, 2022). On May 11, 2022, the trial court sentenced Chester to a minimum prison term of 2 years and a maximum prison term of 3 years. Chester did not appeal this sentence.

**{¶4}** According to Chester, following his sentencing in Portage County, he immediately began serving time for the Portage County sentence. Upon completion of his Portage County sentence, Chester once again began serving the remaining balance of his Cuyahoga County sentence on January 30, 2024.

**{¶5}** On February 13, 2023, Chester sought habeas relief, in his Portage County conviction, arguing he was denied his right to a speedy trial and there was an unnecessary delay in sentencing. The Eleventh District Court of Appeals dismissed the writ. *Chester v. Davis*, 11th Dist. Trumbull No. 2023-T-0013, 2023-Ohio-1629.

**{¶6}** Chester thereafter filed the present writ of habeas corpus. He maintains since January 29, 2024 he has been unlawfully imprisoned due to improper sentencing orders and incorrect computations through the Bureau of Sentence Computation ("BOSC").

## II. CIV.R. 12(B) (6) STANDARD AND HABEAS CORPUS ELEMENTS

**{¶7}** Respondent Black filed a Motion to Dismiss under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

**{¶8}** If a petition does not satisfy the requirements of a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No.

04 BE 51, 2005-Ohio-2383, ¶ 5. Finally, we are permitted to consider material incorporated within a complaint as part of that pleading, without having to convert the matter to a summary judgment proceeding. *See Boyd v. Archdiocese of Cincinnati*, 2d District Montgomery No. 25950, 2015-Ohio-1394, ¶ 14, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (1997). ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.")

{¶9} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "[A]n inmate is not usually eligible for habeas relief until his maximum sentence has expired." [Citation omitted.] *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 9. Finally, habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. (Citations omitted.)

### III. ANALYSIS

A. *BOSC did not violate the Cuyahoga and Portage County commitment papers by starting Chester's Portage County sentence immediately upon sentencing.*

{¶10} Chester challenges the fact that BOSC started his time for the Portage County case immediately upon his sentencing in Portage County even though he was in the process of serving his Cuyahoga County sentence. Petitioner claims he was released from serving his Portage County sentence on January 29, 2024, and BOSC immediately

illegally restarted his Cuyahoga County sentence on January 30, 2024. Chester contends he should have been released from prison on January 29, 2024.

{¶11} We reject Chester's challenge to the order in which he served or is currently serving his sentences. R.C. 2929.14(C)(10) provides:

When a court sentences an offender to a non-life felony indefinite prison term, any definite prison term or mandatory definite prison term previously or subsequently imposed on the offender in addition to that indefinite sentence that is required to be served consecutively to that indefinite sentence shall be served prior to the indefinite sentence.

{¶12} Chester erroneously indicates on page 5 of his petition that the Cuyahoga County Common Pleas Court sentenced him to 2 years in Case No. CR-21-662387-A. Rather, the Journal Entry indicates a minimum prison term of two years and a maximum prison term of three years. Chester began serving his indefinite sentence on May 11, 2022. Thereafter, on August 11, 2022, the Portage County Common Pleas Court sentenced Chester to a twenty-four-month prison term to be served consecutively with the Cuyahoga County sentence.

{¶13} Therefore, under R.C. 2929.14(C)(10), BOSC properly interrupted service of his indefinite Cuyahoga County sentence so he could serve his definite Portage County sentence. The definite twenty-four-month Portage County sentence was required to be served before the indefinite Cuyahoga County sentence. Upon completion of his Portage County sentence, Chester again began serving his Cuyahoga County sentence. He has not completed serving his maximum Cuyahoga County sentence. His expected release date/parole eligibility date is July 16, 2025. *See* Department of Rehabilitation & Correction

https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A791522.    Until    that time, any claim for immediate release is unripe.

B. *Chester is not entitled to habeas relief because he does not raise a jurisdictional error.*

{¶14}  A discharge from custody by way of habeas corpus is not available where the court or magistrate had jurisdiction to issue the process, render the judgment or make the order. *In re Burson*, 152 Ohio St. 375, 89 N.E.2d 651, paragraph four of the syllabus (1949). Rather, "[s]uch person has an adequate remedy at law by way of review on appeal." *Id*. Further, "[h]abeas corpus is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if error or irregularities have occurred in the proceedings or sentence, a writ of error [appeal] is the proper remedy." *Ex parte Van Hagan*, 25 Ohio St. 426 (1874), paragraph two of the syllabus.

{¶15}  Here, Chester challenges the order in which he was required to serve his sentences and BOSCO's calculation of his release date. Chester does not raise jurisdictional errors and therefore, he is not entitled to habeas relief.

## IV. CONCLUSION

{¶16}  For the foregoing reasons, we grant Respondent Black's Motion to Dismiss under Civ.R. 12(B)(6). Chester cannot state a claim entitling him to habeas relief.

**{¶17}**  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58(B).

**{¶18}**  MOTION TO DISMISS GRANTED.

**{¶19}**  CAUSE DISMISSED.

**{¶20}**  COSTS TO PETITIONER.

**{¶21}**  IT IS SO ORDERED

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur