[Cite as *State ex rel. Diewald v. Ohio Dept. of Rehab. & Corr., Bur. of Sentence Computation*, 2026-Ohio-364.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Craig M. Diewald, | : | |
| Relator, | : | |
| v. | : | No. 23AP-89 |
| ODRC/Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on February 5, 2026

**On brief:** *Craig M. Diewald*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS

EDELSTEIN, J.

{¶ 1}  Relator, Craig M. Diewald, initiated this original action seeking a writ of mandamus that orders respondent, the Bureau of Sentence Computation ("bureau") of the Ohio Department of Rehabilitation and Correction ("DRC"), to correct what he believes is an erroneously computed prison sentence.

{¶ 2}  Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. The magistrate issued the appended decision on July 30, 2025, including findings of fact and conclusions of law. In that decision, the magistrate determined that, after reviewing all evidence and arguments presented by the parties, Mr. Diewald failed to establish a clear legal right to the requested relief or a clear legal duty on the part of respondent to provide such relief. After summarizing the prison sentences imposed in Mr. Diewald's six criminal cases from three different counties and considering the controlling legal standards, the magistrate found no

error in respondent's calculation of Mr. Diewald's aggregate prison term of 8 years (definite term, with 115 days of jail-time credit) of incarceration, consecutive to an additional 4 to 6 years of imprisonment (indefinite term, with 98 days of jail-time credit). In so finding, the magistrate agreed with respondent's determination that Ohio law requires Mr. Diewald to serve all definite prison sentences before he can begin serving the indefinite prison sentence. Accordingly, the magistrate has recommended that this court deny Mr. Diewald's request for a writ of mandamus.

{¶ 3} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). The case is now before this court for review.

{¶ 4} Based on the foregoing and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we deny Mr. Diewald's petition for a writ of mandamus.

*Writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Craig M. Diewald, | : | |
| Relator, | : | |
| v. | : | No. 23AP-89 |
| ODRC/Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 30, 2025

*Craig M. Diewald,* pro se.

*Dave Yost,* Attorney General, and *Jennifer A. Driscoll,* for respondent.

IN MANDAMUS

{¶ 5} Relator Craig M. Diewald requests a writ of mandamus ordering respondent Bureau of Sentence Computation ("bureau") of the Ohio Department of Rehabilitation and Correction ("DRC") to correct its records of his sentences. For the following reasons, the magistrate recommends denying Diewald's request for a writ of mandamus.

**I. Findings of Fact**

{¶ 6} 1. In 2020, Diewald was sentenced in six different criminal cases in three different counties: one in Muskingum County, three in Licking County, and two in Franklin County.

{¶ 7} 2. In Muskingum C.P. No. CR2019-0421 (Feb. 11, 2020), the Muskingum County Common Pleas Court convicted Diewald of four of the seven counts listed in the

indictment, which had charged Diewald for offenses allegedly committed between May and July of 2019. Specifically, Diewald was convicted of: Count 1, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count 2, theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; Count 3, breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree; and Count 7, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree. The court sentenced Diewald as follows: on Count 1, a definite prison term of 12 months; on Count 2, a definite prison term of 18 months; on Count 3, a definite prison term of 12 months; and on Count 7, a minimum term of 4 years to an indefinite maximum term of 6 years. The court ordered all periods of incarceration to be served concurrently, for an "aggregate minimum prison term of four (4) years and an aggregate indefinite maximum prison term of six (6) years." (Bureau's Evid. at 39, Diewald's Evid. at 2.)

{¶ 8} 3. In Licking C.P. No. 19CR370 (Feb. 14, 2020), the Licking County Common Pleas Court issued a judgment entry convicting Diewald of one of the two counts listed in the indictment, which had charged Diewald for offenses allegedly committed between April and June 2019. As set forth in the entry, Diewald was convicted of one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. Diewald was sentenced to a definite term of imprisonment for 1 year, which was ordered to run consecutively with the sentences in Licking C.P. No. 19CR520, Licking C.P. No. 19CR809, and "the prison term the Defendant is currently serving out of Muskingum County Common Pleas Court." (Bureau's Evid. at 17, Diewald's Evid. at 5.)

{¶ 9} 4. In Licking C.P. No. 19CR530 (Feb. 14, 2020), the Licking County Common Pleas Court issued a judgment entry convicting Diewald of five of the seven counts listed in the indictment, which had charged Diewald for offenses allegedly committed in July 2019. Specifically, Diewald was convicted of: Count 1, burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; Count 2, theft in violation of R.C. 2913.02(A)(1), a felony of the third degree; Count 3, theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; Count 4, theft in violation of R.C. 2913.02(A)(1), a felony of the third degree; and Count 7, receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The court sentenced Diewald to definite terms of imprisonment as follows: on Count 1, 2 years; on Count 2, 2 years; on

Count 3, 1 year; on Count 5, 2 years; and on Count 7, 1 year. The court ordered the sentences for Counts 1, 2, and 3 to run concurrently with each other and consecutively with Counts 5 and 7 for an aggregate definite term of 5 years. The court also ordered the sentence to run consecutively with the sentences in Licking C.P. No. 19CR370, Licking C.P. No. 19CR809, and "the prison term the Defendant is currently serving out of Muskingum County Common Pleas Court." (Bureau's Evid. at 25, Diewald's Evid. at 8.)

{¶ 10} 5. In Licking C.P. No. 19CR809 (Feb. 14, 2020), the Licking County Common Pleas Court issued a judgment entry convicting Diewald of two of the three counts listed in the indictment, which had charged Diewald for offenses allegedly committed in May 2019. Diewald was convicted of two counts of theft in violation of R.C. 2913.02(A)(1), felonies of the third degree. The court sentenced Diewald to definite terms of imprisonment for 1 year on each of the counts of theft and ordered the terms of imprisonment to run consecutively for an aggregate term of 2 years. The court also ordered the sentence to run consecutively with the sentences in Licking C.P. No. 19CR370, Licking C.P. No. 19CR520, and "the prison term the Defendant is currently serving out of Muskingum County Common Pleas Court." (Bureau's Evid. at 33, Diewald's Evid. at 11.)

{¶ 11} 6. In Franklin C.P. 19CR-4462 (Aug. 6, 2020), the Franklin County Common Pleas Court issued a judgment entry finding Diewald guilty of one of the two counts in the indictment, which had charged Diewald for offenses allegedly committed in January 2019. Diewald was convicted one count of theft in violation of R.C. 2913.02, a felony of the fifth degree. The court sentenced Diewald to 6 months to be served concurrently with Franklin C.P. 20CR-782 "and Licking and Muskingum County prison sentences." (Bureau's Evid. at 5.)

{¶ 12} 7. In Franklin C.P. No. 20CR-782 (Aug. 6, 2020), the Franklin County Common Pleas Court issued a judgment entry finding Diewald guilty of the single count in the indictment, which had charged Diewald for an offense committed in January 2020. Diewald was convicted of one count of failure to appear in violation of R.C. 2937.99, a felony of the fourth degree. The court sentenced Diewald to 6 months to be served concurrently with Franklin C.P. No. 19CR-4462 "and Licking and Muskingum County prison sentences." (Bureau's Evid. at 11.)

{¶ 13} 8. Diewald filed a petition for writ of mandamus on February 9, 2023. In the petition, Diewald asserts entitlement to the issuance of a writ as follows:

> The authentic organs representing the courts' will order the execution of the Muskingum County sentence first, followed by the Licking County sentences. Entries. However, Respondent's record flips this clear mandates on their heads. DOTS-Portal print-out. Notwithstanding the denial of substantive rights (halftime review on SB201 term, and release from sentence, and judicial release after (5) years on HB86 terms), no statutory authority can control the language of entries. The Muskingum entry's silence on consecutive service cannot be interpreted as grounds for statutory control, because no sentence was on execution when it was pronounced. The Licking entries are unambiguously clear as to what sentence came first, Muskingum's, followed by its pronouncements.

(Emphasis removed.) (Sic passim.) (Compl. at 2.)

{¶ 14} 9. The bureau submitted its presentation of evidence on February 16, 2024. Included with the bureau's evidence was the affidavit of Susan Steadman, correction records sentence computation auditor for the bureau. Steadman provided a letter attached to the affidavit setting forth the bureau's sentence calculation for Diewald.

{¶ 15} 10. Diewald submitted his presentation of evidence on January 2, 2025.

## II. Discussion and Conclusions of Law

{¶ 16} Diewald requests a writ of mandamus ordering the bureau to correctly calculate his sentence in accordance with the sentencing entries from the Muskingum County Court of Common Pleas and the Licking County Court of Common Pleas.

## A. Purpose of and Requirements for Mandamus

{¶ 17} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue in this matter, Diewald must establish by clear and convincing evidence (1) a clear legal right to the requested relief,

(2) a clear legal duty on the part of the bureau to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19. " 'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

## B. Whether the Bureau Correctly Calculated and Applied the Sentences

{¶ 18} Diewald argues that "the Licking County judgments . . . unequivocally state that it was the court's organic will to run its sentence(s) consecutive to the Muskingum County sentence . . . already on execution and entered separately first." (Diewald's Brief at 2.) Diewald states that "neither the Muskingum County court nor Respondent could make it consecutive to a sentence in futuro." *Id.* Relying on the Supreme Court of Ohio's decision in *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4410, Diewald asserts he is "entitled to mandamus that directs Respondent to make its records reflect that Muskingum County's sentence is to be served first, then Licking County's sentences." *Id.* at 3. To understand the proper calculation of Diewald's sentence, one must turn to the relevant parts of Ohio's sentencing laws.

{¶ 19} Over the years, Ohio's statutory sentencing scheme for felonies has been the subject of substantial amendments. *See, e.g.*, Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, Part IV, 7136, effective July 1, 1996; 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011. Recently, the sentencing scheme was again amended effective March 22, 2019, through the 132nd General Assembly's enactment of 2018 Am.Sub.S.B. No. 201 ("S.B. 201"), which in part was labeled as the "Reagan Tokes Law."

{¶ 20} S.B. 201 amended R.C. 2929.14 to require indefinite sentencing for offenders convicted of felonies of the first or second degree committed on or after March 22, 2019, for which life imprisonment is not an available sentence. R.C. 2929.14(A)(1)(a) and (2)(a). *See State v. Hacker*, 2023-Ohio-2535, ¶ 7. For felonies of the third, fourth, or fifth degree, S.B. 201 did not change the available sentences, which—under the law as amended by H.B. 86—remain definite sentences ranging from 6 to 60 months.

R.C. 2929.14(A)(3) through (5). Under the law as amended by S.B. 201, a court sentencing an offender for a felony of the first or second degree must select a "stated minimum term" from a range of options. R.C. 2929.14(A)(1)(a) and (2)(a). The minimum term selected by the sentencing court serves as the basis for the calculation of the maximum term through operation of R.C. 2929.144(B)(1), which specifies that the maximum term must be equal to the minimum term plus 50 percent of that term. *See Hacker* at ¶ 7 ("For example, if the court imposes a minimum prison term of four years, the maximum prison term will be six years.").

{¶ 21} R.C. 2967.271(B) sets forth the way in which the minimum and maximum prison terms affect the actual amount of time an offender sentenced under S.B. 201 is subject to incarceration. R.C. 2967.271(B) provides: "When an offender is sentenced to a non-life felony indefinite prison term,[1] there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." As the Supreme Court of Ohio has explained, "[t]he 'presumptive earned early release date' is the date resulting from a reduction, if any, of the offender's minimum prison term, R.C. 2967.271(A)(2), on the recommendation of the director of the DRC for 'exceptional conduct' or 'adjustment to incarceration,' R.C. 2967.271(F)(1)." *Hacker* at ¶ 8. Under R.C. 2967.271(C), DRC may rebut the presumption of release through a finding that one or more of certain specified conditions apply. Upon rebutting the presumption of release, DRC is permitted to maintain the incarceration of an offender beyond the stated minimum prison term or any presumptive earned-early-release date for a "reasonable period" determined and specified by DRC that does not exceed the offender's maximum prison term. R.C. 2967.271(D)(1).

{¶ 22} DRC has a clear legal duty to carry out the sentence imposed by a sentencing court. *Fraley*, 2020-Ohio-4410, at ¶ 18. *See State v. Grimes*, 2017-Ohio-2927, ¶ 21 (stating that "[i]t is the responsibility of the [Adult Parole Authority] to carry out the sentence after the court imposes it, not to interpret the law and impose its own sentence based on information in the sentencing entry"), *overruled on other grounds, State v. Hudson,*

---

[1] "Non-life felony indefinite prison term" is defined as "a prison term imposed under division (A)(1)(a) or (2)(a) of section 2929.14 and section 2929.144 of the Revised Code for a felony of the first or second degree committed on or after March 22, 2019." R.C. 2929.01(GGG) (added as R.C. 2901.01(FFF) under S.B. 201).

2020-Ohio-3849. *See also State ex rel. Keith v. Ohio Adult Parole Auth.*, 2014-Ohio-4270, ¶ 26 (holding that "in any parole determination involving indeterminate sentencing, the [Adult Parole Authority] may not rely on information that it knows or has reason to know is inaccurate"). In *Fraley*, DRC lengthened the offender's sentence contrary to the express language contained in the offender's sentencing entries based on DRC's interpretation of the law. Regardless of whether the sentencing "entries contained a legal error favoring [the offender]," the Supreme Court of Ohio found that "DRC's role is not to correct a sentencing court's errors and impose the sentence it believes the court should have imposed." *Fraley* at ¶ 17. Rather, "DRC is obliged to execute the sentence imposed by the court." *Id.* As a result, the Court granted a writ of mandamus ordering DRC to correct its records in order to apply the sentence actually imposed by the sentencing court.

{¶ 23} In this case, the offenses forming the subject of Diewald's sentences imposed by the common pleas courts of Muskingum County and Licking County occurred after the effective date of S.B. 201.[2] In Muskingum C.P. No. CR2019-0421, the court sentenced Diewald to an aggregate minimum prison term of four years with an aggregate indefinite maximum prison term of six years. In Licking C.P. No. 19CR370, the court sentenced Diewald to a definite term of one year. In Licking C.P. No. 19CR530, the court sentenced Diewald to an aggregate definite term of five years. In Licking C.P. No. 19CR809, the court sentenced Diewald to an aggregate definite term of two years. All of the aggregate definite sentences imposed by the Licking County Court of Common Pleas were imposed consecutive to one another—for a total aggregate definite sentence of eight years—and consecutive to the sentence imposed by the Muskingum County Court of Common Pleas. Thus, Diewald's sentences from Muskingum County and Licking County, which were ordered to be run consecutively to one another, include: (1) a nonlife felony indefinite prison term of four to six years from the Muskingum County Court of Common

---

[2] The offense forming the subject of Franklin C.P. No. 19CR-4462 occurred prior to the effective date of S.B. 201. However, as sentences imposed by the Franklin County Common Pleas Court in that case and Franklin C.P. No. 20CR-782 run concurrently with those imposed by the common pleas courts of Muskingum County and Licking County, they do not impact the calculation of Diewald's sentence. Nor does Diewald challenge the bureau's calculation based on the sentences imposed by the Franklin County Common Pleas Court.

Pleas, and (2) an aggregate definite prison term of eight years from the Licking County Court of Common Pleas.

{¶ 24} In the sentence computation letter, Steadman outlines the bureau's calculation of Diewald's sentence. Steadman stated that Diewald's "total sentence is now 8 years with 115 days total jail time credit under [H.B. 86] sentencing law, consecutive to 4 to 6 years under [S.B. 201] sentencing law with 98 days of jail time credit, with a current release date of [July 19, 2031]." (Bureau's Evid. at 2.) Furthermore, Steadman addressed the order in which Diewald's sentences were to run, stating: "Per sentencing guidelines, [Diewald] must serve the [H.B. 86] sentence prior to serving his [S.B. 201] sentence." *Id.*

{¶ 25} Review of the record in this matter reveals that, unlike in *Fraley*, the bureau correctly calculated Diewald's sentence based on the entries of the sentencing courts and consistent with the law governing Diewald's sentences. R.C. 2929.14(C)(10), which was added in S.B. 201,[3] governs the interaction between indefinite sentences and definite sentences that are ordered to be run consecutively.[4] R.C. 2929.14(C)(10) provides: "When a court sentences an offender to a non-life felony indefinite prison term, **any definite prison term** or mandatory definite prison term **previously or subsequently imposed** on the offender in addition to that indefinite sentence that is required to be served consecutively to that indefinite sentence **shall be served prior to the indefinite sentence**." (Emphasis added.) *Compare* Adm.Code 5120-2-03.2 (providing rules that apply "when an offender is serving a term of imprisonment for more than one felony and at least one of the felonies was committed prior to July 1, 1996, and at least one of the felonies was committed on or after July 1, 1996" for the determination of

---

[3] The provision presently listed in R.C. 2929.14(C)(10) was originally enacted by S.B. 201 as R.C. 2929.14(C)(8). Multiple acts in the 132nd General Assembly amended R.C. 2929.14(C). These amendments included the addition of new subsections within R.C. 2929.14(C) as well as the renumbering of some of the existing subsections. *See, e.g.*, 2017 Sub.H.B. No. 63, effective Oct. 17, 2017; 2018 Am.Sub.S.B. No. 1, effective Oct. 31, 2018. As a result of harmonizing these amendments, the provision is now recognized, including through later legislative enactments, in R.C. 2929.14(C)(10). *See* R.C. 1.52(B) (stating in part that "[i]f amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each"); *State v. McCullough*, 2018-Ohio-4499, ¶ 11-12 (9th Dist.).

[4] *See generally State v. Gwynne*, 2023-Ohio-3851, ¶ 21 (lead opinion) (discussing meaning of "consecutive sentences").

multiple sentences).[5] R.C. 2929.14(C)(10) is consistent with and integral to the operation of the indefinite sentencing scheme enacted through S.B. 201, since the presumption of release—whether on the presumptive release date at the expiration of the offender's minimum prison term or the presumptive earned early release date—would have no effect if the offender was required to remain in prison to serve outstanding definite sentences.

{¶ 26} Thus, under R.C. 2929.14(C)(10), Diewald was required to serve his definite prison terms, which were imposed by the Licking County Court of Common Pleas, prior to his indefinite sentence, which was imposed by the Muskingum County Court of Common Pleas. *See Chester v. Black*, 2024-Ohio-1558, ¶ 13 (5th Dist.) (stating that under R.C. 2929.14(C)(1), the bureau "properly interrupted service of [the offender's] indefinite Cuyahoga County sentence so he could serve his definite Portage County sentence" since the "definite twenty-four-month Portage County sentence was required to be served before the indefinite Cuyahoga County sentence"); *State v. Erskine*, 2025-Ohio-1400, ¶ 6-7 (4th Dist.) (stating that R.C. 2929.14(C)(10) "indicates that a definite prison sentence should be served prior to an indefinite sentence" and finding that the defendant's sentences were being served in accordance with R.C. 2929.14). The fact that the Diewald was chronologically sentenced in Muskingum County before he was sentenced in Licking County has no bearing on the order in which his sentences must be

---

[5] The bureau's brief contains references in its table of authorities to "U.S. Congress, House Bill 86," "U.S. Congress, Senate Bill 2," and "U.S. Congress, Senate Bill 201." (Bureau's Brief at v.) These purported authorities are cited with regard to the text of Adm.Code 5120-2-03.2, which is copied in its entirety in the argument section of the bureau's brief. Other than the copied text of Adm.Code 5120-2-03.2, the bureau's argument consists of a single sentence: "ODRC Bureau of Sentence Computation is required to compute the HB86 sentence prior to serving his SB201 sentence and has properly done so." (Sic passim.) (Bureau's Brief at 6.) The bureau does not mention R.C. 2929.14(C)(10).

Though the bureau provides Adm.Code 5120-2-03.2 as the sole source for its argument that it correctly calculated Diewald's sentence, this administrative rule—by its own terms—does not apply here. Adm.Code 5120-2-03.2(B) states that "[t]his rule applies when an offender is serving a term of imprisonment for more than one felony and at least one of the felonies was committed prior to July 1, 1996, and at least one of the felonies was committed on or after July 1, 1996." None of the offenses giving rise to Diewald's sentences were committed prior to July 1, 1996. Diewald himself pointed this out before the bureau filed its brief, stating: "Ironically, [Adm.Code] 5120-2-03.2(B) doesn't even apply the directives to this situation. The instant matter does not invoke a term of imprisonment for a felony committed prior to July 1, 1996. Rather, all felonies were committed after March 22, 2019." (Diewald's Brief at 3.)

Furthermore, Adm.Code 5120-2-03.2 contains provisions related to Ohio legislative enactments—including S.B. 2, H.B. 86, and S.B. 201—not enactments of the United States Congress. Standing alone, it may be possible to surmise that simple oversight was responsible for the bureau's error regarding the source of the enactments listed in its brief. However, when considering this error in conjunction with the lack of any substantive analysis of either the provisions of Adm.Code 5120-2-03.2 as applied to Diewald's sentences or the bureau's other evidence, the bureau's brief raises more questions than it answers.

served, since definite sentences must be served first regardless of whether they were imposed "previously or subsequently" to an indefinite sentence. R.C. 2929.14(C)(10). Therefore, Diewald is incorrect in his assertion that he must serve his sentence from Muskingum County first, prior to serving his Licking County sentences.

## C. Conclusion

{¶ 27} The bureau has correctly calculated Diewald's sentence such that he is required to serve the definite sentences from the Licking County cases prior to the indefinite sentence from the Muskingum County case. As a result, Diewald has not established a clear legal right to the requested relief or that the bureau was under a clear legal duty to provide it. Accordingly, it is the decision and recommendation of the magistrate that Diewald's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.